IN THE UNITED STATES DISTRICT COURT
FOR NEW JERSEY

Frank J. Martone, Esq., Attorney ID#8629
FRANK J. MARTONE, P.C.
1455 BROAD STREET
BLOOMFIELD, NJ 07003
973-473-3000
Attorneys for Plaintiff

United States of America,

        Plaintiff

vs.

Ronald Rovito; Mrs. Ronald Rovito, his wife; Jill M. Rovito; Mr. Rovito, husband of Jill M. Rovito; Federal National Mortgage Association; JPMorgan Chase Bank, National Association; Palisades Collection LLC; Joseph A. Molinaro

        Defendant(s)

Civil Action No.

**Complaint for Foreclosure and Possession**

The United States of America, by and through its attorneys, Frank J. Martone, P.C., states the following claims against the defendants:

## PARTIES

1. Plaintiff, the **United States Small Business Administration** ("SBA"), is an agency of the United States of America, (hereinafter referred to as "United States of America" having an office at 200 W. Santa Ana Boulevard, Suite 700, Santa Ana, CA 92701.

2. Defendant, **Ronald Rovito**, is joined as a party defendant to this action because he signed a Loan Authorization and Agreement for the Note and executed a mortgage to secure the payment of the Note.

3. Defendant, **Mrs. Ronald Rovito, his wife**, is named as party defendant in this action for any curtesy/dower or other interest in said premises.

4. Defendant, **Jill M. Rovito**, is joined as a party defendant to this action because she signed a Loan Authorization and Agreement for the Note and executed a mortgage to secure the payment of the Note.

5. Defendant, **Mr. Rovito, husband of Jill M. Rovito**, is named as party defendant in this action for any curtesy/dower or other interest in said premises.

6. Defendant, **Federal National Mortgage Association**, is joined as a party defendant because it holds a mortgage which was given to Ronald Rovito and Jill Rovito, husband and wife. Said mortgage is subordinate to that of Plaintiff's mortgage. Said mortgage is further described in paragraph 24(a-3) of Complaint.

7. Defendant, **JPMorgan Chase Bank, National Association**, is joined as a party defendant because it purports to hold a mortgage which is further described in paragraph 24(a-3) and 24(a-4).

8. Defendant, **Palisades Collection LLC**, is joined as a party defendant for any lien, claim, or interest it may have in, to, or on the mortgaged premises by virtue of the docketed judgment further described in paragraph 24b.

9. Defendant, **Joseph A. Molinaro**, is joined as a party defendant for any lien, claim, or interest it may have in, to, or on the mortgaged premises by virtue of the docketed judgment further described in paragraph 24c.

## JURISDICTION AND VENUE

10. Jurisdiction is based on 28 U.S.C. §1345, which provided that the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer, and upon 12 U.S.C. 1715 *et seq.*

11. Venue is proper in this district under 28 U.S.C. §1391 and §1396 as the transaction which is the subject matter of this Complaint took place entirely in this district, and the real estate which is the subject of this transaction is located in this district.

## FACTS

12. On June 1, 2000, **Ronald Rovito and Jill M. Rovito**, executed and delivered to the U.S. Small Business Administration, a Fixed Rate Note, in the amount of $111,200.00 plus

interest in the amount of 4.000%, attached hereto as <u>Exhibit A</u>, incorporated herein and made a part hereof. (Note).

14. Simultaneously with the execution and delivery of the Note, the mortgagors, **Ronald Rovito and Jill M. Rovito**, executed a Loan Authorization and Agreement to the U.S. Small Business Administration, attached hereto as <u>Exhibit B</u>, incorporated herein and made a part hereof. (Loan Authorization and Agreement).

14. Simultaneously with the execution and delivery of the Note and Loan Authorization and Agreement, and in order to secure the payment of said Note, the mortgagors, **Ronald Rovito and Jill M. Rovito**, executed and delivered to the Administrator of the Small Business Administration, and agency of the Government of the United States of America, a Mortgage in the amount of $111,200.00, a copy of which is attached hereto as <u>Exhibit C.</u>, incorporated herein and made a part hereof (Mortgage). Said Mortgage is dated June 1, 2000 and was duly recorded on July 6, 2000 in Book 10412, at Page 853, in the Clerk's/Register's Office of the County of BERGEN in the State of New Jersey. Said real estate is within the jurisdictional limits of the Court. **Said mortgage was not a purchase money mortgage.**

15. The mortgaged premises are described as follows:

> All that certain tract or parcel of land and premises situate in the Borough of NORTHVALE, County of BERGEN and State of New Jersey being more particularly described as follows:
>
> See attached <u>Exhibit D</u>.
>
> Tax Lot 6, Block 904, commonly known as 175 PARIS AVENUE, NORTHVALE, NJ 07647.
>
> The metes and bounds description contained in Exhibit D attached hereto is the same description contained in the recorded mortgage referenced in Paragraph 14, above.

16. Said Note further provided that, in addition to the foregoing installments of principal and interest, the obligors promised to make monthly payments, in the amount of $600.00, to be applied in the manner set forth in the mortgage securing the Note.

3

17. Said Note and Mortgage contained an agreement that, should any default be made in the payment of any monthly installment on account of principal and interest, or any part thereof, if any of the other payments to be made by the mortgagor under the provisions of the mortgage securing the Note when due as provided in the Note or in the mortgage, the entire indebtedness secured shall immediately become due and payable.

18. Said Note and Mortgage contained an agreement that if any of the installments of taxes, assessments, water rents, charges, impositions or liens, levied upon the premises should remain in default, the mortgagee may pay the same, and such amount paid shall be a lien on said lands, added to the amount of the mortgage debt and secured by this mortgage.

19. During the course of this action, the plaintiff may be obligated to make advances for the payment of taxes, insurance premiums, and necessary expenses and curative payments to preserve the security, and such sums advanced under the terms of the Note, together with interest, are to be added to the amount due on the mortgage debt and secured by the plaintiff's mortgage.

20. The Defendants, **Ronald Rovito and Jill M. Rovito**, are indebted to the United States of America on behalf of the U.S. Small Business Administration and there remains due the following sums to the Plaintiff. (See Certified Statement of Account, attached hereto as Exhibit E, incorporated herein and made a part hereof as if fully written herein.)

| | | |
|---|---:|---:|
| Loan | $111,200.00 | |
| Care and Preservation of Collateral | $      0.00 | |
| Recoverable Expenses | $  1,482.00 | |
| Total Amount Disbursed | | $112,682.00 |
| Less: Repayments | | $ 17,372.34 |
| Current Balance | | $ 95,309.66 |
| Add: Accrued Interest &/or Purchased Interest | | $ 25,600.48 |
| Total Charges Outstanding | | $120,910.14 |
| Less: Escrow Balance | | $       0.00 |
| **Total Indebtedness as of 04/27/2016:** | | **$120,910.14** |

21. On **May 1, 2010**, an installment payment became due and payable on plaintiffs mortgage and has not been paid. Plaintiff has elected that the whole of the unpaid principal and interest shall now be due.

22. The date of default is **May 1, 2010**.

23. Demand for payment of all sums due under the Note and Mortgage was made, and payment has not been paid.

24. The following instruments or liens of record in the Office of the Clerk/Register of BERGEN County, New Jersey which affect or may affect the premises described herein all of which instruments or liens are subordinate to the lien of the mortgage set forth above:

24(a) Mortgage from **Ronald Rovito and Jill Rovito**, husband and wife, to First United Mortgage Company, Inc., in the amount of $298,000.00, dated January 26, 2005, recorded March 2, 2005 in Mortgage Book 14177, Page 435 in the Clerk's Office of the County of BERGEN.

24(a-1) Said mortgage was assigned from First United Mortgage Company Inc. to Washington Mutual Bank, F.A., by Assignment of Mortgage dated January 26, 2005 and recorded March 2, 2005 in Book 1372, Page 756.

24(a-2) Said mortgage was assigned from Federal Deposit Insurance Corporation, as receiver of Washington Mutual Bank f/k/a/ Washington Mutual Bank, F.A., by JPMorgan Chase Bank, National Association, its Attorney-in Fact to JPMorgan Chase Bank, National Association, by Assignment of Mortgage dated July 11, 2012 and recorded September 9, 2012 in Book 1152, Page 1688.

24(a-3) Said mortgage was assigned from JPMorgan Chase Bank, National Association to Federal National Mortgage Association, by Assignment of Mortgage dated October 15, 2014 and recorded November 13, 2014 in Book 1790, Page 0369.

24(a-4) JPMorgan Chase Bank, National association purports to hold the mortgage set forth in Paragraph 24(a-3) above, herein through an Assignment of Mortgage from The Federal

Deposit Insurance Corporation, acting in its receivership capacity as receiver of Washington Mutual Bank f/k/a Washington Mutual Bank, FA, dated October 15, 2014 and recorded November 24, 2014 in Book 1799, Page 0744 of the Bergen County Register's Office. The aforesaid assignment is ineffective because the mortgage it purports to assign was assigned to Federal National Mortgage Association on October 15, 2014 and recorded November 13, 2014, in Book 1790, Page 0369.

24(b)   **Palisades Collection LLC** is the holder of the following docketed JUDGMENT:

```
                        SUPERIOR COURT OF NEW JERSEY
JUDGMENT NUMBER: DJ-275191-2007              CASE NUMBER: DC  008362   07
DATE DOCKETED: 10/19/07          DATE OF JUDGMENT IN S.C.P.: 07/25/07
TYPE OF ACTION: CONTRC-REG
VENUE: BERGEN
                                                      DEBT:  $     747.17
                                                     COSTS:  $      67.94
                                                       INT:  $       5.45
                                                      DCKG:  $      10.00
CREDITOR(S):
     PALISADES COLLECTION LLC
               210 SYLVAN AV, ENGLEWOOD CLIFFS, NJ 07632
          ATTORNEY: PRESSLER & PRESSLER
                    16 WING DR, 2ND FL
                    CEDAR KNOLLS NJ 07927
                    973-753-5100
DEBTOR(S):
     JILL ROVITO
               175 PARIS AV, NORTHVALE, NJ 07647
          ATTORNEY: PRO SE
                    ----------------
                    *** End of Abstract ***
```

24(c)   **Joseph A. Molinaro** is the holder of the following docketed JUDGMENT:

```
                        SUPERIOR COURT OF NEW JERSEY
JUDGMENT NUMBER: DJ-033555-2014              CASE NUMBER: DC  025515   13
DATE DOCKETED: 02/21/14          DATE OF JUDGMENT IN S.C.P.: 01/30/14
TYPE OF ACTION: CONTRC-REG
VENUE: BERGEN
                                                      DEBT:  $   9,720.00
                                                      DCKG:  $      10.00
CREDITOR(S):
     JOSEPH A MOLINARO
               SU 300,
                    140 CHESTNUT ST, RIDGEWOOD, NJ 07450
          ATTORNEY: JOSEPH A MOLINARO
                    648 WYCKOFF AVE
                    WYCKOFF NJ 07481
DEBTOR(S):
     JILL ROVITO
     RONALD ROVITO
               175 PARIS AV, NORTHVALE, NJ 07647
          ATTORNEY: PRO SE
                    ----------------
                    *** End of Abstract ***
```

25. Any interest or lien which any of the defendants herein has or claims to have in or upon the said mortgaged premises or some part thereof is subject to the lien of plaintiff's mortgage.

## COUNT ONE

### Foreclosure on the Mortgaged Premises

26. Plaintiff repeats the allegations contained in Paragraphs 1 through 25 of the Complaint and makes same as part hereof as if repeated at length.

27. As a result of **Ronald Rovito and Jill M. Rovito's** default under the Note and Mortgage, Plaintiff is entitled to immediate payment of the entire unpaid balance due and owing under the loan documents, with interest accruing on such at the rate provided for under the mortgage, together with reasonable attorneys' fees and other charges as provided for under the mortgage.

WHEREFORE, plaintiff prays for judgment as follows:

(a) Fixing the amount due on its mortgage.

(b) Barring and foreclosing the defendants and each of them of all equity of redemption in and to said lands.

(c) Directing that the plaintiff be paid the amount due on its mortgage with interest and costs.

(d) Adjudging that said lands be sold according to law to satisfy the amount due plaintiff.

(e) Appointing a receiver of rents, issues and profits of said lands.

(f) Such other and further relief as the Court deems just and equitable.

## SECOND COUNT

### Possession of Mortgaged Premises

28.  Plaintiff repeats any and all allegations of Paragraphs 1 through 27 of the Complaint and makes same a part hereof as if repeated at length.

29.  By reason of the default in the terms of the mortgage referred to in the First Count of the Complaint, and by reason of the terms of the mortgage, plaintiff is entitled to possession of the premises described herein.

30.  Defendants, **Ronald Rovito; Mrs. Ronald Rovito, his wife; Jill M. Rovito; and Mr. Rovito, husband of Jill M. Rovito** are now in possession of the premises described herein and have at all times deprived plaintiff of possession of said premises.

WHEREFORE, plaintiff prays for judgment as follows:

(a)  That plaintiff or the purchaser at the foreclosure sale recovers possession of the mortgaged premises against said defendants or anyone holding under them.

(b)  Damages for mesne profits.

(c)  Costs.

(d)  Such other and further relief as the Court deems just and equitable.

### DESIGNATION OF TRIAL COUNSEL

Frank J. Martone, Esq. is hereby designated as trial counsel for the Plaintiff, the UNITED STATES OF AMERICA.

### CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

The undersigned attorney certifies that there are no other actions pending or contemplated at this time related to the subject matter of this action.

### CERTIFICATION PURSUANT TO R. 4:5-1 AND R. 4:64-1

In accordance with Rule 4:5-1, I hereby certify that the matter in controversy is not the subject of any action pending arbitration proceeding. There is no other action or arbitration proceeding contemplated, nor is there any other party who should be joined in this action.

In accordance with Rule 4:64-1(a), I hereby further certify that a title search of the public record has been received and reviewed for the purpose of identifying any lien holders and/or other person and entities with an interest in the property that is subject to foreclosure. The effective date of the title search is March 7, 2016.

**CERTIFICATION OF DILIGENT INQUIRY TO BE ANNEXED TO RESIDENTIAL MORTGAGE FORECLOSURE COMPLAINTS PURSUANT TO RULE 1:5-6(c)(1)(E) AND RULES 4:64-1(a)(2) and (3)**

Frank J. Martone, Esq., of full age, hereby certifies and says:

1. I communicated by e-mail with the following named employee(s) of the U.S. Small Business Administration, who stated that he/she personally reviewed the documents submitted to the Court and that he/she confirmed their accuracy.

2. The name, title and responsibilities of the plaintiff's employee(s) with whom I communicated are: Gino Garza, Loan Specialist, who is responsible for reviewing and executing loan documents.

3. Based on my communication with the above-named employee(s) of plaintiff, as well as my own inspection of the loan information supplied by plaintiff and other diligent inquiry, I execute this certification to comply with the requirements of Rule 1:4-8(a), 1:5-6(c)(1)(E), and 4:64-1(a)(2) and (3).

4. I am aware that I have continuing obligation under Rule 1:4-8 to amend this certification if a reasonable opportunity for further investigation or discovery indicates insufficient evidentiary support for any factual assertions proffered by plaintiff in any court filings or documents in this case.

Respectfully submitted this _2nd_ day of _May_, 2016

By: _[signature]_
Frank J. Martone, Esq.
Attorney for Plaintiff

## NOTICE REQUIRED BY THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. SECTION 1601, AS AMENDED

1. The amount of the debt is stated in paragraph 20 of the complaint attached hereto.

2. The plaintiff who is names in the attached summons and complaint is the creditor to who the debt is owed.

3. The debt described in the complaint attached hereto will be assumed to be valid by the creditor's law firm, unless the debtors, within thirty days after receipt of this notice, disputes, in writing, the validity of the debt or some portion thereof.

4. If the debtor notifies the creditor's law firm in writing within thirty days of the receipt of this notice that the debt or any portion thereof is disputed, the creditor's law firm will obtain verification of the debt and a copy of the verification will be mailed to the debtor by the creditor's law firm.

5. If the creditor who is named as plaintiff in the attached summons and complaint is not the original creditor, and if the debtor makes written request to the creditor's law firm within thirty days from the receipt of this notice, the name and address of the original creditor will be mailed to the debtor by the creditor's law firm.

6. Written request should be addressed to Fair Debt Collection Clerk, Law Office of Frank J. Martone, P.C., 1455 Broad Street, Bloomfield, NJ 07003.

**THIS IS AN ATTEMPT TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**